**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 213-016 |
| | ) | |
| SCHELLA HOPE | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER**
**18 U.S.C. § 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT OF 2018**

Defendant Schella Hope moves for compassionate release based upon the recently passed First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). (Doc. 209.) However, Hope fails to present circumstances justifying such extraordinary relief. Specifically, she fails to allege any qualifying medical condition, as required under U.S.S.G. § 1B1.13. Therefore, the United States respectfully requests that this Court deny Hope's motion.

**Factual Background**

In September 2013, the grand jury returned a 59-count superseding indictment charging Hope with various health care fraud, money laundering, and aggravated identity theft violations. (PSR ¶ 3.) At trial, a jury convicted Hope of all remaining counts.[1] (PSR ¶ 4.) Although the court granted Hope bond after the jury's guilty verdicts, it subsequently revoked her bond due to a violation. (PSR ¶ 5.)

The presentence investigation report (PSR) calculated that, based on Hope's

---

[1] On the first day of trial, the government dismissed Count 55. (PSR ¶ 4.)

fraudulent Medicaid billing activities, the total financial loss attributable to her health care fraud was over $4.3 million.  (PSR ¶ 27.)  The PSR assessed a total offense level of 40.  (PSR ¶ 40.)  This included a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 because she testified falsely at trial and also attempted to  threaten or intimidate one of the witnesses from her trial.  (PSR ¶¶ 33-34, 48, 57.) She also received a two-level enhancement under U.S.S.G. § 3A1.1(b)(1) because her health care fraud involved vulnerable victims.  (PSR ¶ 46.)  With a criminal history category I, Hope's advisory guidelines range was 292 to 365 months' imprisonment, plus another 24 months' imprisonment consecutive on the aggravated identity theft convictions.  (PSR ¶ 94.)  On May 19, 2014, the district court varied downward, sentencing Hope to a total of 192 months' imprisonment, with over $4.3 million in restitution.  (Doc. 170.)

Hope's convictions and sentences were affirmed on appeal.  *See United States v. Hope*, 608 F. App'x 831 (11th Cir. 2015).  Subsequently, Hope moved to vacate her convictions under 28 U.S.C. § 2255, but was denied by the district court.  *See Hope v. United States*, No. CV 215-169, 2017 WL 105720 (S.D. Ga. Jan. 10, 2017) (adopting magistrate court's report and recommendation, 2016 WL 6699147 (S.D. Ga. Nov. 16, 2016)).  In August 2018, Hope requested that this Court allow her to be placed on home confinement or probation.  (Doc. 206.)  In support, she alleged many of the same physical ailments she complains about in her present motion.  (Doc. 206.)  The district court denied her motion, explaining that "[t]hese issues were taken into consideration at the time the Court imposed her sentence of 192 months, which was below the

recommended Sentencing Guideline range . . . ." (Doc. 208.)

Hope is currently incarcerated at Carswell FMC located in Fort Worth, Texas with a projected release date of December 12, 2027.

## Legal Analysis

### A. Statutory Background

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>
> (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a

3

list of specific examples. Rehabilitation of the defendant alone shall not be considered

an extraordinary and compelling reason." Accordingly, the relevant policy statement

of the Commission is binding on the Court. *See Dillon v. United States*, 560 U.S. 817,

827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a

retroactive guideline amendment, "if such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission," the Commission's pertinent

policy statements are binding on the court).[2]

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides

that the Court may grant release if "extraordinary and compelling circumstances"

exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that

they are applicable," and the Court determines that "the defendant is not a danger to

the safety of any other person or to the community, as provided in 18 U.S.C. §

---

[2] Prior to the passage of the First Step Act, while the Commission policy statement was binding on the Court's consideration of a motion under § 3582(c)(1)(A), such a motion could only be presented by BOP. The First Step Act added authority for an inmate himself to file a motion seeking relief, after exhausting administrative remedies, or after the passage of 30 days after presenting a request to the warden, whichever is earlier.

Under the law, the inmate does not have a right to a hearing. Rule 43(b)(4) of the Federal Rules of Criminal Procedure states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *See Dillon,* 560 U.S. at 827-28 (observing that, under Rule 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

There is no right to counsel with respect to a motion for compassionate release under 18 U.S.C. § 3582(c). *See United States v. Webb*, 565 F.3d789, 794 (11th Cir. 2009) (holding there is no constitutional right to counsel under similar § 3582(c)(2) proceeding requesting sentence reduction).

3142(g)."

Critically, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. *See United States v. Wilkes*, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A)     Medical Condition of the Defendant.—
>
> (i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)     The defendant is—
>
> (I)     suffering from a serious physical or medical condition,
>
> (II)     suffering from a serious functional or cognitive impairment, or
>
> (III)     experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)     Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)     Family Circumstances.—

(i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)     Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

For its part, consistent with note 1(D), BOP promulgated Program Statement

5050.50,     available     at     https://www.bop.gov/policy/progstat/5050_050_EN.pdf,

amended effective January 17, 2019, to set forth its evaluation criteria.

In general, the defendant has the burden to show circumstances meeting the

test for compassionate release. *See United States v. Heromin*, No. 11-550, 2019 WL

2411311, at \*2 (M.D. Fla. June 7, 2019) (citing *United States v. Hamilton*, 715 F.3d

328, 337 (11th Cir. 2013)). As the terminology in the statute makes clear,

compassionate release is "rare" and "extraordinary." *United States v. Willis*, No. 15-

3764, 2019 WL 2403192, at \*3 (D.N.M. June 7, 2019) (citations omitted).

### B. Hope fails to allege a qualifying medical condition.

Hope contends her "extraordinary and compelling reasons" for compassionate

release include an array of physical problems.  (Doc. 209.)  While Hope asserts that

her physical problems make things difficult for her, she fails to allege or provide any

6

evidence that those physical conditions are so serious that they substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which she is not expected to recover. Because Hope fails to allege any qualifying medical reasons, this Court should deny her motion.

As noted above, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a court, upon a motion of the Director of BOP or the defendant, to modify a term of imprisonment if it finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Title 28, United States Code, Section 994(t) provides the authority for the Sentencing Commission to define the meaning of "extraordinary and compelling reasons" under § 3582(c)(1)(A). Section 994(t) explicitly states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." U.S.S.G. § 1B1.13, application note 1, defines "extraordinary and compelling reasons" to encompass three categories: (1) medical condition of the defendant, (2) age of the defendant, (3) family circumstances.

A fourth category, "other reasons" is left specifically to the determination of the Director of BOP. *See* U.S.S.G. § 1B1.13, app. n. 1(D). As such, under the plain language of § 1B1.13, the district court is without authority to determine "other extraordinary and compelling reasons" outside of the situations in application note 1 (A) through (C).[3] However, recognizing the discretion given to BOP under subsection

---

[3] Some district courts have concluded that the First Step Act now also allows the courts to determine what "other reasons" are extraordinary and compelling within the meaning of 18 U.S.C. § 3582(c)(1)(A). *See United States v. Willingham*,

(D), the court also may look to the grounds set forth in the relevant BOP regulation governing compassionate release, which appears at Program Statement 5050.50, available at [https://www.bop.gov/policy/progstat/5050_050_EN.pdf](https://www.bop.gov/policy/progstat/5050_050_EN.pdf), amended effective January 17, 2019 in response to the First Step Act.[4]  *See United States v. Lynn*, No. , 2019 WL 3805349, at \*3 (S.D. Ala. Aug. 13, 2019) (disagreeing that under the First Step Act, court may include, under U.S.S.G. § 1B1.13, app. n.1(D), additional extraordinary and compelling reasons apart from BOP's determination).  While BOP's regulations may provide more detail regarding implementation of the grounds contained in application note 1 (A) through (C), they still limit "extraordinary or compelling circumstances" to specific medical circumstances, elderly inmates (either 70 years old with 30 years or more of service, or 65 years old with qualifying medical conditions), death or incapacitation of the family member caregiver, or incapacitation of a spouse or registered partner.  *See* PS 5050.50 at 3-12.

Hope, who has the burden to justify release, alleges no qualifying medical conditions.  (Doc. 209.)  She does not claim that she is suffering from a terminal illness.  *See* § 1B1.13, app. n.1(a)(i).  Despite her litany of alleged physical ailments, she does not allege or establish with evidence that she is suffering from a serious

---

No. CR 113-010, 2019 WL 6733028, at \*2 (S.D. Ga. Dec. 10, 2019).  No court in this district, though, has adopted this approach; to the contrary, those to consider this argument have rejected it.  *See Willingham*, 2019 WL 6733028, at \*2; *see also United States v. Bryant*, No. CR 497-182 (S.D. Ga. Oct. 2, 2019) (denying compassionate release where defendant argued after First Step Act court had authority to determine its own extraordinary and compelling reasons).

[4] Hereafter referred to as "PS 5050.50."

physical medical condition, a serious functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process, any of which substantially diminish her ability to provide self-care within the environment of the correctional facility and from which she is not expected to recover. *See* § 1B1.13, app. n.1(A)(ii).  Hope does not qualify under § 1B1.13(B) because she is not 65 years old.  (PSR at 3.)  Moreover, she does not provide evidence regarding the death or the incapacitation of the caregiver of her minor children, or that she would be the only available caregiver for an incapacitated spouse or registered partner.  *See* § 1B1.13, app. n.1(C)(i)-(ii).  Finally, none of her stated reasons are extraordinary or compelling under BOP's regulations.  *See* PS 5050.50 at 3-19.  In fact, as noted in attachments to her motion, BOP denied her request for compassionate release specifically because, "according to [her] attending physician," she was "not completely disabled and [she was] able to complete all self-care activities independently."  (Doc. 209-2 at 3, 4, 7, 8.)

Instead, under the auspices of the compassionate release statute, Hope appears to argue that, because of her medical conditions, her sentence is cruel and unusual in violation of the Eight Amendment.  (Doc. 209 at 3.)  Such a claim, though, is more appropriately brought under different statutes.  *See, e.g., Carter-Mitchell v. Terrell*, No. 12-CV-2361 (SLT), 2017 WL 375634, at *3 (E.D.N.Y. Jan. 26, 2017) ("And claims for relief from harsh conditions in violation of the 8th amendment cruel and unusual punishment clause are properly brought under Section 2241.").  Hope's failure to allege a qualifying medical condition is fatal to her claim.  *See Bryant*, No.

497-182 (S.D. Ga. Oct. 2, 2019) (order denying motion for compassionate release based on reasons stated in government's response, including that defendant failed to allege qualifying medical condition). Therefore, this Court is without jurisdiction to reduce Hope's sentence under § 3582(c)(1)(A) and § 1B1.13, and her motion should be denied.

### C. Alternatively, this Court should exercise its discretion and decline to grant Hope's motion for compassionate release.

Even if this Court were to find that it has authority to grant Hope's motion, though, it should exercise its discretion and decline to do so. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining court "may reduce the term of imprisonment"); *see also United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *5 (E.D. Va. Feb. 10, 2020) ("Even if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Hope engaged in a massive Medicaid fraud scheme, resulting in over $4.3 million of loss. She went to trial and was convicted on all remaining counts. Hope testified untruthfully at that trial, and later engaged in questionable witness tampering. Despite being granted bond after trial, she violated her conditions and was revoked. Finally, many of the ailments she now complains about were raised with the Court before, and this Court explained that "[t]hese issues were taken into consideration at the time the Court imposed her sentence of 192 months, which was below the recommended Sentencing Guideline range . . . ." (Doc. 208.)

In the end, this Court has already shown Hope considerable generosity in imposing a below guidelines sentence. As part of that, the Court took into account

Hope's physical ailments.  To grant Hope's compassionate release motion would be to provide her with an additional, unmerited windfall.  Therefore, the United States respectfully requests that, in the alternative, the Court exercise its discretion and deny Hope's motion for compassionate release.

## Conclusion

For the foregoing reasons, the United States respectfully requests that Defendant's motion for compassionate release (Doc. 209) be denied.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*//s// Justin G. Davids*
Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in

accordance with the notice of electronic filing ("NEF") that was generated as a

result of electronic filing in this Court. Additionally, a copy has been mailed to:

Schella Hope, Reg. No. 22040-017
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, Texas 76127

This February 24, 2020.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*/s/ Justin G. Davids*
Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422